BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:13-MC-00040-WBS-CKD |
|---|---|
| Plaintiff, | CONSENT JUDGMENT OF FORFEITURE |
| v. | |
| 1964 CHEVROLET IMPALA, VIN: 41847J156295, LICENSE NUMBER: 5XDA830, and | |
| APPROXIMATELY $20,940.00 IN U.S. CURRENCY, | |
| Defendants. | |

   Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

   1.   On November 8, 2012, agents with the Federal Bureau of Investigation ("FBI") seized the defendant 1964 Chevrolet Impala, VIN: 41847J156295, License Number: 5XDA830 (hereafter "defendant vehicle") for federal forfeiture.  The FBI commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about January 15, 2013, the FBI received a claim from Roger S. Segura asserting an ownership interest in the defendant vehicle.  The defendant vehicle is registered to Roger Salinas Segura.

   2.   The United States represents that it could show at a forfeiture trial that

1

FBI's investigation targeted, in part, Vidal Fabela, a Nuestra Familia Carnal and his drug trafficking associates. A network of gang members engaged in individual and coordinated efforts to distribute and/or conspired to distribute methamphetamine and to possess and sell firearms and ammunition. This investigation included the extensive use of three confidential sources ("CS") to conduct controlled methamphetamine and firearm buys. On June 27, 2012, Arthur Morales sold approximately 101 grams of methamphetamine to a CS who was working on behalf of law enforcement.

3. The United States could further show at trial that on November 8, 2012, agents executed a search warrant at Morales' house located at 5916 41st Street, Sacramento, California. Agents found two clear baggies which contained approximately 78.2 grams of methamphetamine in a safe in the trunk of the defendant vehicle. In addition, agents found approximately 30.3 grams of marijuana in another vehicle parked in the driveway, and several firearms, ammunition, additional amounts of marijuana, and two digital scales inside the house. On November 15, 2012, a Grand Jury in the Eastern District of California indicted Arthur Albert Morales with violations of 21 U.S.C. § 841(a)(1), Distribution of Methamphetamine and Possession of Methamphetamine With Intent to Distribute[1]. On April 23, 2013, Morales entered into a plea agreement wherein he pled guilty to Count One of the Indictment, Distribution of Methamphetamine in violation of 21 U.S.C. § 841(a)(1).

4. The United States filed a Bill of Particulars on May 20, 2013, in *U.S. v. Vidal Dominic Fabela, et al.*, 2:12-CR-00392-JAM, seeking criminal forfeiture of the $20,940.00 in U.S. Currency.

5. The United States could further show at a forfeiture trial that the defendant vehicle is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(4).

6. Without admitting the truth of the factual assertions contained above, Roger S. Segura and Arthur Morales specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Roger S. Segura and

---

[1] *U.S. v. Arthur Albert Morales*, 2:12-CR-00396-JAM

Arthur Morales agree that an adequate factual basis exists to support forfeiture of the defendant vehicle. Roger S. Segura acknowledges that he is the sole owner of the defendant vehicle, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant vehicle, Roger S. Segura and Arthur Morales shall hold harmless and indemnify the United States, as set forth below.

7. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

8. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant vehicle was seized.

9. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

10. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

11. Payment of $5,000.00 as the substitute *res* in lieu of the defendant vehicle was delivered to the United States on July 5, 2013. All right, title, and interest in the $5,000.00 shall be substituted for the defendant vehicle and forfeited to the United States pursuant to 21 U.S.C. § 881(a)(4), to be disposed of according to law.

12. Upon entry of this Consent Judgment of Forfeiture forfeiting those funds to the United States, the U.S. Marshals Service shall return the defendant vehicle to Roger S. Segura within 30 days of entry of this Consent Judgment of Forfeiture.

13. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure of the defendant

vehicle or forfeiture of the substitute *res* in lieu of the defendant vehicle.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  The parties waived the provisions of California Civil Code § 1542.

14. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court finds that there was reasonable cause for the seizure of the defendant vehicle and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

15. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

16. All parties will bear their own costs and attorney's fees.

IT IS SO ORDERED.

Dated: July 8, 2013

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF REASONABLE CAUSE**

Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant vehicle.

Dated: July 8, 2013

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE